UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>    Plaintiff,<br><br>v.<br><br>NASHWAN M. ALI,<br><br>    Defendant. | Case No. 21-cv-07406-JCS<br><br>**ORDER TO SHOW CAUSE WHY EX PARTE APPLICATION FOR ENTRY OF STIPULATED JUDGMENT SHOULD NOT BE DENIED**<br><br>Re: Dkt. No. 12 |

Plaintiff brings an ex parte application ("Application") asking the Court to vacate the dismissal in this case and enter a stipulated judgment based on Defendant's default under the parties' settlement agreement. The settlement agreement requires that in the case of default, a stipulated judgment may be entered if Defendant has not cured the default within five days after notices to cure have been sent "to the email and physical addresses" of the defendant at the addresses listed in the settlement agreement. Dkt. 12-2 (settlement agreement) ¶ 5. Although this section of the settlement agreement, which appears to be a form contract, is set up to include attorney contact information, that space is left blank. The space for Defendant's contact information lists two physical addresses but no email address. *Id.* The settlement agreement was signed by Defendant (not an attorney) and there is no indication that he was represented by counsel when he entered into the agreement. *Id.*

    Counsel states in the declaration filed in support of the Application that on April 22, 2022 her "office sent a letter to defendant and his counsel giving them notice of the default and demanded that they cure the breach of the Settlement Agreement[,]" dkt. 12-1 (Gunderson Decl.) ¶ 4, but she does not specify the means by which the letter was sent. Exhibit 3 to the Gunderson Declaration appears to be an email to attorney John Coates with two notice-to-cure letters

1   attached, one of which is addressed to Defendant at the addresses listed in the settlement
2   agreement.   Gunderson Decl., Ex. 3.  However, although the email states that "hard copy will
3   follow via regular mail[,]" there is no evidence clearly establishing that the default notice was
4   actually mailed to the addresses listed in the settlement agreement.   The Court also notes that
5   there is no evidence in the record that Mr. Coates represents Plaintiff in this matter.

6   Plaintiff also does not explain the request in the Application for entry of judgment in the
7   amount of $14,082.19, *see* Application at 2, which is inconsistent with the statement in the
8   declaration of counsel that judgment should be entered in the amount of $12,500, that is, the
9   $11,000 in outstanding settlement payments plus $1,500 in liquidated damages. *See* Gunderson
10  Decl. ¶ 8.

11  Therefore, Plaintiff shall file a declaration (and supporting evidence as appropriate)
12  establishing that he has complied with the terms of the settlement agreement by sending the notice
13  of default to Defendant in the manner prescribed under the settlement agreement, that is, by U.S.
14  Postal Service to the two addresses listed in the settlement agreement.  Plaintiff shall also address
15  the discrepancy between the amount of judgment requested in the Application and the amount
16  stated in the supporting declaration. To the extent Plaintiff seeks an award of prejudgment interest
17  on top of the outstanding settlement amount and liquidated damages, Plaintiff should provide a
18  precise calculation that addresses the starting and ending dates of the period on which interest is
19  calculated under the contract and addresses relevant authority governing whether liquidated
20  damages may be taken into account in the interest calculation.  Alternatively, Plaintiff may
21  stipulate that he is only seeking entry of judgment in the amount of $12,500 and is not asking the
22  Court to award prejudgment interest. Plaintiff's declaration shall be filed no later than February
23  10, 2023.

24  **IT IS SO ORDERED.**

26  Dated: February 3, 2023

27  _____
    JOSEPH C. SPERO
28  Chief Magistrate Judge